UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOY EMMANUEL,<br><br>Defendant. | No. 2:19-cv-309<br><br>**COMPLAINT** |

Plaintiff, the United States of America, by and through its undersigned attorneys, brings this complaint against Defendant JOY EMMANUEL, and alleges the following:

**I. NATURE OF THIS ACTION**

1. Starting as early as 2017 and continuing to the present, Defendant has conducted financial transactions with large sums of illegally obtained money, knowing that his transactions are designed to conceal the nature, source, location, ownership, and control of proceeds. Defendant's conduct includes knowingly receiving money obtained via fraud and then immediately transmitting the same money to accomplices in India.

2. Defendant conducts U.S. operations for a technical-support scheme based in India. The scheme operates by fraudulently inducing consumers, including principally elderly consumers, to purchase phony or otherwise misrepresented technical-support services related to

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

computers or other electronic devices, and to make further payments based on additional fraudulent misrepresentations.

**3.** The United States seeks to prevent continuing and substantial injury to the United States and victims by bringing this action for a permanent injunction and other equitable relief under 18 U.S.C. § 1345. The United States seeks to enjoin the ongoing commission of banking law violations as defined in 18 U.S.C. § 3322(d), including money laundering in violation of 18 U.S.C. § 1956(a)(1)(B) and international money laundering in violation of 18 U.S.C. § 1956(a)(2)(B).

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over this action under 18 U.S.C. § 1345 and 28 U.S.C. §§ 1331 and 1345.

**5.** The United States District Court for the Western District of Washington is a proper venue for this action under 28 U.S.C. § 1391(b)(1) & (b)(2) because Defendant is a resident of this district and because a substantial part of the events or omissions giving rise to this Complaint occurred in this district.

## III. PARTIES

6. Plaintiff is the United States.

7. Defendant Joy Emmanuel is a resident of this district, residing in Seattle, Washington. In connection with the matters alleged herein, Defendant transacts and has transacted business in this district. Defendant is the owner and principal of Tech Support Hub LLC, which is domiciled in Washington State.



UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

## IV. FACTS

### A. Defendant's Role in an Ongoing Technical-Support Fraud Scheme

8. Defendant conducts U.S. operations for a large-scale technical-support fraud scheme that targets victims throughout the United States. Since at least as early as 2017, telemarketers based in India have used telephone calls and the infrastructure maintained by Defendant to operate the technical-support scheme. Telemarketers working for the scheme fraudulently pose as technicians to induce consumers, including principally elderly consumers, to purchase phony or otherwise misrepresented technical-support services, and to make further payments based on additional fraudulent misrepresentations. Telemarketers contact consumers by means such as placing cold calls; paying search engines to place advertisements for technical computer services; and by using pop-up advertisements disguised as security alerts on computers or other electronic devices that direct consumers to immediately call a telephone number to protect their computer or other electronic device. The telemarketers often falsely claim to work for or be affiliated with large, well-known technology companies.

9. Once a telemarketer has a consumer on the phone, the telemarketer emphasizes the need for immediate action, and claims that the consumer's computer is at risk and that the telemarketer can assist but first needs remote access to the computer or device. Once remotely connected, the telemarketer purports to confirm the existence of a serious computer virus or other threat to the consumer's computer or device, sometimes claiming that hackers have already taken over the consumer's computer or email accounts and displaying a screen purporting to show, in real time, that the device was undergoing a further hacking attack as the telemarketer and consumer spoke. Imparting a sense of urgency, the telemarketer then claims

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

that he will install expensive and high-quality network security software to resolve the threat in exchange for a substantial sum of money.

10. After purportedly installing high-quality network security software, the telemarketer instructs the consumer to pay. Consumers are generally asked to provide their personal checking-account information, which is then used to generate remotely-created checks made payable to one of Defendant's bank accounts. Each consumer is charged between several hundred and several thousand dollars.

11. At times during the scheme, consumers who have already paid Defendant once for technical-support receive subsequent calls, during which telemarketers working for the scheme give consumers phony new reasons they must purchase additional security software to avoid serious new computer viruses or other threats to their devices.

12. At times during the scheme, telemarketers purport to offer refunds to victims. But, instead of refunding money to victims, the telemarketers actually move money within the consumers' online bank accounts to convince the victims that too much money was refunded. The telemarketers then induce victims to send payments, purportedly to reimburse the "over-refund." Victims have lost hundreds or thousands of dollars to such bogus refund schemes.

13. The scheme's perpetrators use Defendant and his U.S. corporate entity to facilitate their schemes by (a) maintaining the schemes' infrastructure, including (b) receiving victim payments and (c) generally providing a veneer of domestic legitimacy.

**B. <u>Ongoing Banking Law Violations</u>**

14. Defendant conducts financial transactions to benefit an international fraud scheme, knowing that the money he receives and transmits is obtained fraudulently, and knowing that his transactions are designed to conceal the scheme. Defendant receives financial

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

compensation for this conduct, often by transmitting to his accomplices 60% of the amounts that he receives and keeping the remaining 40% for himself.

15. Beginning at least as early as 2017, Defendant has knowingly accepted tens of thousands of dollars from multiple fraud victims and then transmitted most of that money to accomplices in the technical-support telemarketing fraud scheme.

16. Between June 1, 2017, and August 3, 2018 alone, Defendant deposited over $40,000 in remotely-created checks that were returned as unpayable, for reasons that included victims' closing their checking accounts to prevent unauthorized transactions; insufficient funds; and victims' stopping payment on grounds of fraud.

### C. Defendant's Knowledge of Fraud, Intent to Conceal the Nature, Source, Location, Ownership, or Control of Proceeds, and Intent to Evade Transaction Reporting Requirements

17. On information and belief, Defendant has engaged in the financial transactions alleged in Paragraphs 14 through 16 with knowledge that the monies he receives from consumers are obtained by the fraud scheme or other specified unlawful activity. On information and belief, Defendant has engaged in such financial transactions knowing that the transmissions are designed in whole or part to conceal or disguise the nature, source, location, ownership, or control of proceeds, and has transmitted such funds to India with the intent to promote the carrying on of specified unlawful activity.

### D. Harm to the United States

18. The United States is suffering continuing and substantial injury from Defendant's banking law violations.

19. Defendant is continuing to facilitate his banking law violations. Absent injunctive relief by this Court, Defendant will continue to cause continuing and substantial injury to the United States and victims.

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

**COUNT I**

**(18 U.S.C. § 1345 – Injunctive Relief)**

20. The United States re-alleges and incorporates by reference Paragraphs 1 through 22 of this Complaint as though fully set forth herein.

21. By reason of the conduct described herein, Defendant has committed, is committing, and is about to commit banking law violations as defined in 18 U.S.C. § 3322(d), including money laundering and international money laundering with the intent to promote the carrying on of specified unlawful activity in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and (a)(2)(A); and money laundering and international money laundering knowing that the transaction is designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity, in violation of 18 U.S.C. §1956(a)(1)(B)(i) and (a)(2)(B)(i).

22. Because Defendant is committing or about to commit banking law violations as defined in 18 U.S.C. § 3322(d), the United States is entitled, under 18 U.S.C. § 1345, to seek a permanent injunction restraining all future banking law violations and any other action that this Court deems just to prevent a continuing and substantial injury to the United States.

23. As a result of the foregoing, Defendant's conduct should be enjoined pursuant to 18 U.S.C. § 1345.

**VI. PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, United States of America, requests of the Court the following relief:

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

A. That the Court issue a permanent injunction, pursuant to 18 U.S.C. § 1345, ordering that Defendant is restrained from engaging, participating, or assisting in money laundering or international money laundering, and any money transmitting business; and

B. That the Court order such other and further relief as the Court shall deem just and proper.

Respectfully submitted this 1st day of March, 2019.

ANNETTE HAYES
United States Attorney

*s/ Kayla C. Stahman*
KAYLA C. STAHMAN, CA #228931
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: 206-553-7970
Fax: 206-553-4067
Email: kayla.stahman@usdoj.gov

GUSTAV W. EYLER
Acting Director
Consumer Protection Branch

*/s/ Daniel K. Crane-Hirsch*
Daniel K. Crane-Hirsch
Consumer Protection Branch
United States Department of Justice
P.O. Box 386
Washington, DC 20044
Tel.: 202-616-8242
Fax: 202-514-8742
Email: daniel.crane-hirsch@usdoj.gov

Counsel for United States of America

CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is an employee in the Office of the United States Attorney for the Western District of Washington and is the person of such age and discretion as to be competent to serve papers;

It is further certified that on this day, I mailed by United States Postal Service said pleading to Defendant, addressed as follows:

Joy Emmanuel
13540 Wallingford Ave N
Seattle, WA 98133-7741

Dated this 1st day of March, 2019.

*/s/ Thomas Everett*
THOMAS EVERETT
Paralegal
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: (206) 553-7970
Fax: (206) 553-0882
E-mail: thomas.everett@usdoj.gov

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

UNITED STATES OF AMERICA

**(b)** County of Residence of First Listed Plaintiff __________
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kayla Stahman, Assistant United States Attorney
United States Attorney's Office
700 Stewart St. Suite 5220, Seattle, WA 98102, 206-553-7970

## DEFENDANTS

Joy Emmanuel

County of Residence of First Listed Defendant King
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☒ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☒ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
18 U.S.C. § 1345

Brief description of cause:
Injunction for money laundering, fraud.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*: JUDGE __________ DOCKET NUMBER __________

DATE
03/01/2019

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JOY EMMANUEL<br>Defendant. | NO.<br>**[PROPOSED] CONSENT DECREE AND FINAL JUDGMENT** |

**CONSENT DECREE AND FINAL JUDGMENT**

Plaintiff, United States of America ("Plaintiff"), commenced the above-captioned action in this Court with a complaint pursuant to 18 U.S.C. § 1345, alleging that Defendant, Joy Emmanuel, is committing or about to commit a banking law violation as defined in 18 U.S.C. § 3322(d), including international money laundering in violation of 18 U.S.C. § 1956(a)(2)(B).

Plaintiff and Defendant, *pro se*, wish to resolve Plaintiff's allegations without litigation and jointly request and consent to the entry of this Consent Decree and Final Judgment ("Consent Decree") without Defendant's admission of liability or wrongdoing. Defendant agrees to waive service of the Summons and the Complaint.

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant has entered into this Consent Decree freely and without coercion. Defendant further acknowledges that he has read the provisions of this Consent Decree, understands them, and is prepared to abide by them.

**IT IS HEREBY ADJUDGED, ORDERED, AND DECREED as follows:**

1. This Court has jurisdiction over this matter and the parties pursuant to 18 U.S.C. § 1345 and 28 U.S.C. §§ 1331 and 1345. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c).

2. Defendant neither admits nor denies the allegations in the Complaint. Only for purposes of this action, Defendant admits the facts necessary to establish jurisdiction.

3. For purposes of this Consent Decree:

a. "Defendant" means Joy Emmanuel.

b. "Person" means an individual, a corporation, a partnership, or any other entity.

c. "Funds" include any currency, check, money order, stored value card, stored value card numbers, bank wire transmission, or other monetary value.

d. "Tech support business" refers to any person that claims to provide security or technical support for computer or mobile devices or computer or mobile device-related equipment.

e. "Money transmitting business" refers to a person who, for a fee, receives funds from one person for the purpose of transmitting the funds, or providing access to the funds, to another person.

f. "Fee" refers to a payment or compensation of any kind regardless of how the payment or compensation is labeled, including but not limited to processing fees,

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

service fees, expediting fees, purchase fees, nominal fees, symbolic payments, gifts and gratuities.

4. Upon entry of this Decree, Defendant is permanently prohibited and enjoined from, directly or indirectly, assisting, facilitating, or participating in any tech support business or money transmitting business.

5. Within five (5) days after entry of this Consent Decree, the Defendant is ordered to submit to Postal Inspector Thomas Ninan a written acknowledgement of receipt of this Consent Decree sworn under penalty of perjury. The statement shall be addressed to:

U.S. Postal Inspector Thomas Ninan
U.S. Postal Inspection Service
c/o U.S. Department of Justice
Patrick Henry Building
First Floor
601 D St. NW
Washington, DC 20579

6. The Consent Decree shall not be modified except in writing by Plaintiff and the Defendant and approved by the Court.

7. This Consent Decree shall constitute a final judgment and order in this action.

8. This Court retains jurisdiction of this action for the purpose of enforcing or modifying this Consent Decree and for the purpose of granting such additional relief as may be necessary or appropriate.

**DONE AND ORDERED** in Chambers at Seattle, Washington, this _____ day of _______________________, 2019.

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**APPROVED AND ENTERED BY THIS COURT**

Dated this ____ day of ________________, 2019.

______________________________
HONORABLE ________________
United States District Judge

We hereby consent to the entry of the foregoing Decree:

Dated: January 15, 2019

**FOR DEFENDANT JASVIT S. TAHIM**

______________________________
JASVIT S. TAHIM

**FOR PLAINTIFF THE UNITED STATES OF AMERICA**

Dated: ~~January~~ March 1, 2019

ANNETTE HAYES
United States Attorney

By: *s/ Kayla C. Stahman*

KAYLA C. STAHMAN, CA #228931
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: 206-553-7970
Fax: 206-553-4067
Email: kayla.stahman@usdoj.gov

GUSTAV W. EYLER
Acting Director
Consumer Protection Branch

By: */s/ Daniel K. Crane-Hirsch*

Daniel K. Crane-Hirsch
Trial Attorney
Consumer Protection Branch
United States Department of Justice
PO Box 386
Washington, DC 20044-0386

Tel.: 202-616-8242
Fax: 202-514-8742
Email: daniel.crane-hirsch@usdoj.gov

Counsel for United States of America

[PROPOSED] CONSENT DECREE
AND FINAL JUDGMENT - 5

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is an employee in the Office of the United States Attorney for the Western District of Washington and is the person of such age and discretion as to be competent to serve papers;

It is further certified that on this day, I mailed by United States Postal Service said pleading to Defendant, addressed as follows:

Joy Emmanuel
13540 Wallingford Ave N
Seattle, WA 98133-7741

Dated this 1st Day of March, 2019.

*/s/ Thomas Everett*
THOMAS EVERETT
Paralegal
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: (206) 553-7970
Fax: (206) 553-0882
E-mail: thomas.everett@usdoj.gov

[PROPOSED] CONSENT DECREE
AND FINAL JUDGMENT - 6

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970