1
2
3
4
5
6          UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF WASHINGTON
7                    AT SEATTLE

8  UNITED STATES OF AMERICA,
9              Plaintiff,              No. 2:19-cv-309
10       v.
11  JOY EMMANUEL,                      **COMPLAINT**
12             Defendant.
13

14     Plaintiff, the United States of America, by and through its undersigned attorneys, brings
15  this complaint against Defendant JOY EMMANUEL, and alleges the following:

16                    **I. NATURE OF THIS ACTION**

17     1.    Starting as early as 2017 and continuing to the present, Defendant has conducted
18  financial transactions with large sums of illegally obtained money, knowing that his
19  transactions are designed to conceal the nature, source, location, ownership, and control of
20  proceeds. Defendant's conduct includes knowingly receiving money obtained via fraud and
21  then immediately transmitting the same money to accomplices in India.
22     2.    Defendant conducts U.S. operations for a technical-support scheme based in
23  India. The scheme operates by fraudulently inducing consumers, including principally elderly
    consumers, to purchase phony or otherwise misrepresented technical-support services related to

COMPLAINT - 1
CASE NO. 2:19-cv-309

computers or other electronic devices, and to make further payments based on additional fraudulent misrepresentations.

3. The United States seeks to prevent continuing and substantial injury to the United States and victims by bringing this action for a permanent injunction and other equitable relief under 18 U.S.C. § 1345. The United States seeks to enjoin the ongoing commission of banking law violations as defined in 18 U.S.C. § 3322(d), including money laundering in violation of 18 U.S.C. § 1956(a)(1)(B) and international money laundering in violation of 18 U.S.C. § 1956(a)(2)(B).

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over this action under 18 U.S.C. § 1345 and 28 U.S.C. §§ 1331 and 1345.

5. The United States District Court for the Western District of Washington is a proper venue for this action under 28 U.S.C. § 1391(b)(1) & (b)(2) because Defendant is a resident of this district and because a substantial part of the events or omissions giving rise to this Complaint occurred in this district.

## III. PARTIES

6. Plaintiff is the United States.

7. Defendant Joy Emmanuel is a resident of this district, residing in Seattle, Washington. In connection with the matters alleged herein, Defendant transacts and has transacted business in this district. Defendant is the owner and principal of Tech Support Hub LLC, which is domiciled in Washington State.

COMPLAINT - 2
CASE NO. 2:19-cv-309

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

## IV. FACTS

### A. Defendant's Role in an Ongoing Technical-Support Fraud Scheme

8. Defendant conducts U.S. operations for a large-scale technical-support fraud scheme that targets victims throughout the United States. Since at least as early as 2017, telemarketers based in India have used telephone calls and the infrastructure maintained by Defendant to operate the technical-support scheme. Telemarketers working for the scheme fraudulently pose as technicians to induce consumers, including principally elderly consumers, to purchase phony or otherwise misrepresented technical-support services, and to make further payments based on additional fraudulent misrepresentations. Telemarketers contact consumers by means such as placing cold calls; paying search engines to place advertisements for technical computer services; and by using pop-up advertisements disguised as security alerts on computers or other electronic devices that direct consumers to immediately call a telephone number to protect their computer or other electronic device. The telemarketers often falsely claim to work for or be affiliated with large, well-known technology companies.

9. Once a telemarketer has a consumer on the phone, the telemarketer emphasizes the need for immediate action, and claims that the consumer's computer is at risk and that the telemarketer can assist but first needs remote access to the computer or device. Once remotely connected, the telemarketer purports to confirm the existence of a serious computer virus or other threat to the consumer's computer or device, sometimes claiming that hackers have already taken over the consumer's computer or email accounts and displaying a screen purporting to show, in real time, that the device was undergoing a further hacking attack as the telemarketer and consumer spoke. Imparting a sense of urgency, the telemarketer then claims

COMPLAINT - 3
CASE NO. 2:19-cv-309

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

that he will install expensive and high-quality network security software to resolve the threat in exchange for a substantial sum of money.

10.     After purportedly installing high-quality network security software, the telemarketer instructs the consumer to pay. Consumers are generally asked to provide their personal checking-account information, which is then used to generate remotely-created checks made payable to one of Defendant's bank accounts. Each consumer is charged between several hundred and several thousand dollars.

11.     At times during the scheme, consumers who have already paid Defendant once for technical-support receive subsequent calls, during which telemarketers working for the scheme give consumers phony new reasons they must purchase additional security software to avoid serious new computer viruses or other threats to their devices.

12.     At times during the scheme, telemarketers purport to offer refunds to victims. But, instead of refunding money to victims, the telemarketers actually move money within the consumers' online bank accounts to convince the victims that too much money was refunded. The telemarketers then induce victims to send payments, purportedly to reimburse the "over-refund." Victims have lost hundreds or thousands of dollars to such bogus refund schemes.

13.     The scheme's perpetrators use Defendant and his U.S. corporate entity to facilitate their schemes by (a) maintaining the schemes' infrastructure, including (b) receiving victim payments and (c) generally providing a veneer of domestic legitimacy.

### B. Ongoing Banking Law Violations

14.     Defendant conducts financial transactions to benefit an international fraud scheme, knowing that the money he receives and transmits is obtained fraudulently, and knowing that his transactions are designed to conceal the scheme. Defendant receives financial

COMPLAINT - 4
CASE NO. 2:19-cv-309

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

compensation for this conduct, often by transmitting to his accomplices 60% of the amounts that he receives and keeping the remaining 40% for himself.

15. Beginning at least as early as 2017, Defendant has knowingly accepted tens of thousands of dollars from multiple fraud victims and then transmitted most of that money to accomplices in the technical-support telemarketing fraud scheme.

16. Between June 1, 2017, and August 3, 2018 alone, Defendant deposited over $40,000 in remotely-created checks that were returned as unpayable, for reasons that included victims' closing their checking accounts to prevent unauthorized transactions; insufficient funds; and victims' stopping payment on grounds of fraud.

### C. Defendant's Knowledge of Fraud, Intent to Conceal the Nature, Source, Location, Ownership, or Control of Proceeds, and Intent to Evade Transaction Reporting Requirements

17. On information and belief, Defendant has engaged in the financial transactions alleged in Paragraphs 14 through 16 with knowledge that the monies he receives from consumers are obtained by the fraud scheme or other specified unlawful activity. On information and belief, Defendant has engaged in such financial transactions knowing that the transmissions are designed in whole or part to conceal or disguise the nature, source, location, ownership, or control of proceeds, and has transmitted such funds to India with the intent to promote the carrying on of specified unlawful activity.

### D. Harm to the United States

18. The United States is suffering continuing and substantial injury from Defendant's banking law violations.

19. Defendant is continuing to facilitate his banking law violations. Absent injunctive relief by this Court, Defendant will continue to cause continuing and substantial injury to the United States and victims.

COMPLAINT - 5
CASE NO. 2:19-cv-309

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

## COUNT I

### (18 U.S.C. § 1345 – Injunctive Relief)

20. The United States re-alleges and incorporates by reference Paragraphs 1 through 22 of this Complaint as though fully set forth herein.

21. By reason of the conduct described herein, Defendant has committed, is committing, and is about to commit banking law violations as defined in 18 U.S.C. § 3322(d), including money laundering and international money laundering with the intent to promote the carrying on of specified unlawful activity in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and (a)(2)(A); and money laundering and international money laundering knowing that the transaction is designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity, in violation of 18 U.S.C. §1956(a)(1)(B)(i) and (a)(2)(B)(i).

22. Because Defendant is committing or about to commit banking law violations as defined in 18 U.S.C. § 3322(d), the United States is entitled, under 18 U.S.C. § 1345, to seek a permanent injunction restraining all future banking law violations and any other action that this Court deems just to prevent a continuing and substantial injury to the United States.

23. As a result of the foregoing, Defendant's conduct should be enjoined pursuant to 18 U.S.C. § 1345.

### VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, United States of America, requests of the Court the following relief:

COMPLAINT - 6
CASE NO. 2:19-cv-309

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

A. That the Court issue a permanent injunction, pursuant to 18 U.S.C. § 1345, ordering that Defendant is restrained from engaging, participating, or assisting in money laundering or international money laundering, and any money transmitting business; and

B. That the Court order such other and further relief as the Court shall deem just and proper.

Respectfully submitted this 1st day of March, 2019.

BRIAN T. MORAN
United States Attorney

s/ Kayla C. Stahman
KAYLA C. STAHMAN, CA #228931
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: 206-553-7970
Fax:    206-553-4067
Email: kayla.stahman@usdoj.gov

GUSTAV W. EYLER
Acting Director
Consumer Protection Branch

JILL P. FURMAN
Deputy Director
Consumer Protection Branch

s/ Daniel K. Crane-Hirsch
DANIEL K. CRANE-HIRSCH
CLAUDE F. SCOTT
Consumer Protection Branch
United States Department of Justice
P.O. Box 386
Washington, DC  20044
Tel.: 202-616-8242
Fax: 202-514-8742
Email: daniel.crane-hirsch@usdoj.gov

Counsel for United States of America

COMPLAINT - 7
CASE NO. 2:19-cv-309

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is an employee in the Office of the United States Attorney for the Western District of Washington and is the person of such age and discretion as to be competent to serve papers;

It is further certified that on this day, I mailed by United States Postal Service said pleading to Defendant, addressed as follows:

Joy Emmanuel
13540 Wallingford Ave N
Seattle, WA 98133-7741

Dated this 1st day of March, 2019.

/s/ Thomas Everett
THOMAS EVERETT
Paralegal
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: (206) 553-7970
Fax: (206) 553-0882
E-mail: thomas.everett@usdoj.gov

COMPLAINT - 8
CASE NO. 2:19-cv-309

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970